UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANNY HAWK, on behalf of
himself and those similarly
situated,

      Plaintiffs,

vs.                              CASE NO.:

J.R.K. TRUCKING, INC., a
Domestic Profit Corporation,
and NIZAM KHAN,
Individually,

      Defendant.

## COLLECTIVE ACTION
## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DANNY HAWK, and those similarly situated files by and through his undersigned counsel, and hereby sues the Defendant, J.R.K. TRUCKING, INC., a Domestic Profit Corporation, and NIZAM KHAN, individually, (hereinafter referred to as the "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.*

4. The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

5. This action is brought under Federal law to recover from Defendants unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in Clayton County, Georgia.

## PARTIES

7. Plaintiff was an hourly paid Truck Driver who worked for Defendants in Clayton County, Georgia.

8. Plaintiff, Danny Hawk, worked for Defendants as a Truck Driver from approximately June 1, 2015 through October 1, 2015, in Jonesboro, Georgia.

9. The proposed class members worked for Defendants in Jonesboro, Georgia.

10. Plaintiff and the proposed class members were subjected to similar violations of the FLSA.

11. Defendant, J.R.K. TRUCKING, INC., is a Domestic Profit Corporation which operates and conducts business in Clayton County, Georgia and is therefore, within the jurisdiction of this Court.

12. Defendant, NIZAM KHAN, is an individual resident of the state of Georgia who, upon information and belief, resides in Jonesboro, Clayton County, Georgia.

## FACTUAL ALLEGATIONS

13. Plaintiff, and those similarly situated employees, worked for Defendants in Jonesboro, Clayton County, Georgia.

14. Plaintiff was paid an hourly rate of fourteen and 00/100 dollars ($14.00) per hour in exchange for work performed.

15. Plaintiff worked as a "Truck Driver" for Defendants and performed related activities (i.e. delivered dirt, rock, and salt, delivered to contractors and completed other related duties for Defendants).

16. Plaintiff worked in this capacity from June 1, 2015 through October 1, 2015.

17. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

18. Plaintiff worked an average of sixty-five (65) hours per week.

19. Despite working more than forty (40) hours per week,

Defendants failed to pay Plaintiff overtime compensation at a rate of no less than time and one half his regular rate of pay for *all* hours worked over forty in a workweek.

20. Truck Drivers were eligible for overtime provided they worked more than forty (40) hours per week.

21. At all material times during the last three years, Defendant, J.R.K. TRUCKING, INC., was an enterprise subject to the FLSA's provision on overtime wages.

22. At all times relevant to this action, Defendant, NIZAM KHAN regularly exercised the authority to hire and fire employees of J.R.K. TRUCKING, INC.

## COVERAGE

23. The Defendant, J.R.K. TRUCKING, INC., is a corporation formed and existing under the laws of the State of Georgia and at all times, during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

24. The Defendant, NIZAM KHAN regularly exercised authority on behalf of J.R.K. TRUCKING, INC., a corporation formed and

existing under the laws of the State of Georgia and at all times, during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203, et seq.

25. Plaintiff was an employee of Defendants and was at all times relevant to the violations of the FLSA (2016), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

26. At all material times relevant to this action (2013-2016), the Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

27. At all material times relevant to this action (2013-2016), the Defendant made gross earnings of at least five hundred thousand and 0/100 dollars ($500,000.00) annually.

28. At all material times relevant to this action (2013-2016), the Defendant had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. worked with dump trucks, dirt, rock, salt, etc.).

29. At all material times relevant to this action (2013-2016), Defendant had two (2) or more employees routinely ordering materials or supplies from out of state vendors, and sold to out of state customers. (i.e. landscaping and other related materials, etc.).

30. At all material times relevant to this action (2013-2016), the Defendant has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks.

31. At all material times relevant to this action (2013-2016), the Defendant also used heavy machinery, construction and landscaping materials, natural drainage and bio-retention systems, to complete complex projects for commercial use .

32. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COLLECTIVE FACTUAL ALLEGATIONS

33. Class members are treated equally by Defendant.

34. Defendant subjected class members to the same illegal practice policy by not paying Plaintiff and those similarly situated correct overtime wages.

35. Defendant has employed several truck drivers who were improperly paid overtime wages in the State of Georgia within the past three (3) years.

36. Defendant pays class members in the same manner.

37. Plaintiff and all class members worked in the State of Georgia.

38. Plaintiff and all class members in the State of Georgia were not correctly paid overtime wages for all hours worked in excess of forty (40) hours.

39. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

40. During the relevant period, Defendants violated the FLSA and Georgia Constitution by improperly paying Plaintiffs overtime wages for all hours worked excess of forty (40) hours per week.

COMPLAINT AND DEMAND FOR JURY TRIAL
8

41. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

42. Plaintiff has hired the undersigned law firm to represent her in this matter and is obligated to pay them reasonable fees and costs if they prevail.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS J.R.K. TRUCKING, INC.

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above as though fully stated herein.

44. Throughout Plaintiff's employment, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours while it knew that overtime compensation was required under the law.

45. Specifically, Defendants failed to keep accurate time records as required by the FLSA for Plaintiff.

46. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, DANNY HAWK, on behalf of HIMSELF and all other similarly situated employees, demands judgment against Defendant, J.R.K. TRUCKING, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II - RECOVERY OF OVERTIME COMPENSATION VERSUS NIZAM KHAN, INDIVIDUALLY.

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

48. Defendant, NIZAM KHAN, is the Resident Agent, acting manager and sole corporate officer of Defendant, J.R.K. TRUCKING, INC.

49. Defendant, NIZAM KHAN, is a manger who acted with direct control over the work, pay, and job duties of Plaintiff.

50. Defendant, NIZAM KHAN: (1) had the power to hire and fire Plaintiffs, (2) supervised and controlled Plaintiffs' work schedules or conditions of employment, (3) determined Plaintiff's rate and method of payment, (4) maintained employment records, and determined J.R.K. Trucking's overtime policies.

51. As such, Defendant, NIZAM KHAN, is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, DANNY HAWK, on behalf of himself and those similarly situated, demands judgment against Defendant, NIZAM KHAN, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate. In addition, Plaintiff seeks all damages

sought above by virtue of joint and several liabilities versus Defendants J.R.K. TRUCKING, INC., and NIZAM KHAN.

Dated this 11th day of May, 2016.

                                                Respectfully submitted,

                                                Justin D. Miller, Esquire
                                                GABN 001307
                                                MORGAN & MORGAN, P.A.
                                                191 Peachtree Street NE,
                                                P.O. Box 57007
                                                Atlanta, GA 30343
                                                Telephone: (404) 965-8811
                                                Facsimile: (404) 965-8812
                                                Email: jmiller@forthepeople.com
                                                *Attorneys for Plaintiff*