# EXHIBIT "A"

## SETTLEMENT AGREEMENT
## AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Settlement Agreement") covers all understandings between DANNY HAWK, DONALD PARKS and EUGENE ARNOLD ("Named Plaintiffs"), on behalf of themselves and all others similarly situated (hereinafter referred to as the "Plaintiffs", a term which includes Plaintiffs and all Opt-In Plaintiffs) and Defendants, J.R.K. TRUCKING, INC. and NIZAM KHAN, Individually (hereinafter referred to as "Defendants" a term which includes any parent or subsidiary corporation, and its past and present employees, directors, representatives, shareholders, members, or other interest holders).

## RECITALS

A.  Named Plaintiffs filed this suit in the United States District Court for the Northern District of Georgia, titled *DANNY HAWK, et al. vs. J.R.K. TRUCKING, INC. and NIZAM KHAN, Individually*, Case No.: 1:16-CV-01529-ELR (the "Action").

B.  In the Action, the Named Plaintiffs alleged violations of applicable overtime laws. The Named Plaintiffs sought overtime compensation, liquidated damages, and reasonable attorneys' fees and costs for themselves and all opt-in Plaintiffs who worked for the Defendants at any time within the past three (3) years. A total of twenty-six (26) Plaintiffs joined the case.

C.  Plaintiffs' counsel and counsel for Defendants have engaged in extensive negotiations concerning the settlement of the claims asserted in the Action. The parties eventually resolved the case following a day-long mediation.

D.  The Plaintiffs and Plaintiffs' counsel have concluded, based upon their investigation, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute the Action through the final trial, the risks and costs of further prosecution of the Action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement with Defendants on the terms set forth herein is fair, reasonable, and adequate, and in the best interests of the Plaintiffs. Plaintiffs and the Plaintiffs' counsel have agreed to settle this Action with Defendants on the terms set forth herein.

E.  Defendants deny each of the claims asserted against them in the Action and make no admission whatsoever of liability. Defendants nevertheless desire to settle the Action and the claims asserted in the Action, on the terms and conditions set forth herein, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the Action.

## AGREEMENT

1.  **Recitals**. The recitals set forth above are incorporated herein by reference and are explicitly made a part of this Settlement Agreement.

2.  **Plaintiffs' Settlement**. Based upon all files, records, and proceedings in the Action, including the above recitals, Named Plaintiffs, on behalf of themselves and Opt-in Plaintiffs and Defendants (collectively referred to as "Parties"), request approval of the settlement.

3. **Settlement Consideration to Plaintiffs and Opt-in Class**. Defendants will pay a maximum $100,000.00 to settle all Plaintiffs' and Opt-in Plaintiffs' claims ("Settlement Fund"). Under no circumstances shall Defendants be obligated to pay an amount in excess of $100,000.00. The Settlement Fund will be disbursed as follows:

   a. The breakdown of the Settlement Fund is as follows:

      i. $68,500.00 for payments to the three (3) Named Plaintiffs and twenty-three (23) Opt-in Plaintiffs ("Plaintiffs Fund"); and

      ii. $31,500.00 for attorneys' fees, administrative and taxable costs, and class administration costs as explained below.

   b. To receive the settlement compensation set forth in paragraph 3(a), Named Plaintiffs must sign this Settlement Agreement and Release of Claims. Opt-in Plaintiffs must sign and return the Opt-in Settlement Agreement and Release forms by September 15, 2016. Each Plaintiff who has submitted the settlement agreement and release shall receive consideration as set forth in the settlement allocation. If all Plaintiffs do not return the agreements, Defendants are entitled to retain any remaining amount of the Plaintiffs' Settlement Fund corresponding with the amounts allocated to the unreturned agreements.

4. **Tax Treatment of Payments to Settlement Plaintiffs**. The settlement payment to each Plaintiff will be made by two separate checks. The first check will represent Liquidated Damages and be paid with a tax form 1099. The second check will be treated as back wages and subject to deductions for applicable taxes or other required withholding.

5. **Reversion to Defendants of Unclaimed Settlement Fund**. To the extent the aggregate value of approved claims is less than $68,500.00, any remaining Settlement Fund amounts will be returned to Defendants and the claim awards will not be increased.

6. **No Double Recovery**. Each member of the Plaintiffs expressly agrees that he/she is not entitled to, nor will he/she attempt to secure a double recovery for any alleged claims pursued in this lawsuit.

7. **Timing of Payments**.

   a. Payments to Plaintiffs and any Opt-in Plaintiffs will be paid within ten (10) days of Court approval for one half of the Plaintiffs' portion of the Settlement Fund ($34,250). The second half with be paid within ninety (90) days of the first payment.

   b. Payment to Plaintiffs' counsel for attorney fees and costs in the amount of $31,500.00 will be paid as follows:

      1-$15,750 within ten (10) days following Court Approval.
      2-$15,750 within ninety (90) days from the initial payment.

8. **Approval Order**. The Parties shall promptly move the Court in the Action for an order approving this Settlement Agreement;

9. **Attorney's Fees, Costs, and Expenses**.

   a. Plaintiffs' counsel intends to request that the Court approve the settlement, which includes an award of attorney's fees, costs, and expenses totaling $31,500. Defendants agree to pay attorney's fees, costs, and expenses in this amount, provided that the amount is approved by the Court. Payment shall be made within the time periods as indicated above under paragraph 7(b) with checks made payable to Morgan & Morgan P.A.

   b. Except as provided in paragraph 9(a), the Parties shall bear their own attorney's fees, costs, and expenses incurred in the prosecution, defense and/or settlement of the Proceeding. The Named Plaintiffs, the Opt-in Plaintiffs and Plaintiffs' counsel shall not seek an award of attorney's fees, costs, or expenses in the Action except as provided in paragraph 7(b).

10. **Releases.**

   a. As of the Effective Date of this Settlement Agreement (as defined below), Plaintiffs acknowledge full satisfaction of, and fully, finally, and forever settle with, release, and discharge the Released Parties (as defined below) of and from all Settled Claims (as defined below).

   b. For purposes of this Settlement Agreement, "Released Parties" means and includes Defendants, all of its affiliated, subsidiary, and parent companies, doing business in their own names and doing business under any other names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, independent contractors, representatives, attorneys, predecessors, successors, and assigns.

   c. For purposes of this Settlement Agreement, "Settled Claims" means and includes any and all claims for unpaid overtime and retaliation that were raised or could have been raised related to the case of DANNY HAWK, DONALD PARKS and EUGENE ARNOLD on behalf of themselves and those similarly situated vs. J.R.K. TRUCKING, INC., and NIZAM KHAN, CASE NO.: 1:16-CV-01529-ELR filed in the United States District Court for the Northern District of Georgia.

11. **Effectiveness of Settlement Agreement**. The "Effective Date" of this Settlement Agreement shall be effective immediately upon the entry of the Final Approval Order and Judgment rendered by the Court. This Settlement Agreement is contingent on Court approval of this Agreement itself including the attorneys' fees portion.

12. **General Provisions**.

   a. **Entire Agreement**. This Settlement Agreement constitutes the entire agreement between and among the Parties with respect to the settlement of the Action. This Settlement

3

amended except by a document in writing signed by Plaintiffs, Defendants and their respective attorneys. Such written document may be executed in counterparts with facsimile signatures and each shall have the force of an original.

    b.    **Time Periods/Dates**. The time periods and/or dates described in this Settlement Agreement are subject to change by written agreement of the Parties.

    c.    **Execution in Counterparts**. This Settlement Agreement may be signed in one or more counterparts with facsimile signatures and each shall have the force of an original.

    d.    **Legal Representation**. The Parties to this Settlement Agreement acknowledge that they have been represented by qualified legal counsel both in connection with the Action and in connection with the negotiation, drafting, and execution of this Settlement Agreement. Accordingly, the language used in this Settlement Agreement will be deemed to be language chosen by all Parties hereto to express their mutual intent, and no rule of strict construction against any party hereto will apply to any term or condition of this Settlement Agreement.

    e.    **Choice of Law**. This Settlement Agreement shall be construed, enforced, and administered in accordance with the state laws of Georgia.

Date: 9/9/16    Signature: _____
                                      DANNY HAWK

Date:_____    Signature: _____
                                      DONALD PARKS

Date:_____    Signature: _____
                                      EUGENE ARNOLD

Date:_____    Signature: _____
                                      J.R.K. TRUCKING, INC.

Date:_____    Signature: _____
                                      NIZAM KHAN

4

Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a document in writing signed by Plaintiffs, Defendants and their respective attorneys. Such written document may be executed in counterparts with facsimile signatures and each shall have the force of an original.

  b. **Time Periods/Dates**. The time periods and/or dates described in this Settlement Agreement are subject to change by written agreement of the Parties.

  c. **Execution in Counterparts**. This Settlement Agreement may be signed in one or more counterparts with facsimile signatures and each shall have the force of an original.

  d. **Legal Representation**. The Parties to this Settlement Agreement acknowledge that they have been represented by qualified legal counsel both in connection with the Action and in connection with the negotiation, drafting, and execution of this Settlement Agreement. Accordingly, the language used in this Settlement Agreement will be deemed to be language chosen by all Parties hereto to express their mutual intent, and no rule of strict construction against any party hereto will apply to any term or condition of this Settlement Agreement.

  e. **Choice of Law**. This Settlement Agreement shall be construed, enforced, and administered in accordance with the state laws of Georgia.

Date:_____  Signature:_____
            DANNY HAWK

Date: 9-8-2016  Signature: *Donald Parks*
            DONALD PARKS

Date:_____  Signature:_____
            EUGENE ARNOLD

Date:_____  Signature:_____
            J.R.K. TRUCKING, INC.

Date:_____  Signature:_____
            NIZAM KHAN

Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a document in writing signed by Plaintiffs, Defendants and their respective attorneys. Such written document may be executed in counterparts with facsimile signatures and each shall have the force of an original.

  b. **Time Periods/Dates**. The time periods and/or dates described in this Settlement Agreement are subject to change by written agreement of the Parties.

  c. **Execution in Counterparts**. This Settlement Agreement may be signed in one or more counterparts with facsimile signatures and each shall have the force of an original.

  d. **Legal Representation**. The Parties to this Settlement Agreement acknowledge that they have been represented by qualified legal counsel both in connection with the Action and in connection with the negotiation, drafting, and execution of this Settlement Agreement. Accordingly, the language used in this Settlement Agreement will be deemed to be language chosen by all Parties hereto to express their mutual intent, and no rule of strict construction against any party hereto will apply to any term or condition of this Settlement Agreement.

  e. **Choice of Law**. This Settlement Agreement shall be construed, enforced, and administered in accordance with the state laws of Georgia.

Date:_____  Signature:_____
               DANNY HAWK

Date:_____  Signature:_____
               DONALD PARKS

Date: 09-10-16  Signature: /s/ Eugene Arnold
               EUGENE ARNOLD

Date:_____  Signature:_____
               J.R.K. TRUCKING, INC.

Date:_____  Signature:_____
               NIZAM KHAN

Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a document in writing signed by Plaintiffs, Defendants and their respective attorneys. Such written document may be executed in counterparts with facsimile signatures and each shall have the force of an original.

    b.    **Time Periods/Dates**. The time periods and/or dates described in this Settlement Agreement are subject to change by written agreement of the Parties.

    c.    **Execution in Counterparts**. This Settlement Agreement may be signed in one or more counterparts with facsimile signatures and each shall have the force of an original.

    d.    **Legal Representation**. The Parties to this Settlement Agreement acknowledge that they have been represented by qualified legal counsel both in connection with the Action and in connection with the negotiation, drafting, and execution of this Settlement Agreement. Accordingly, the language used in this Settlement Agreement will be deemed to be language chosen by all Parties hereto to express their mutual intent, and no rule of strict construction against any party hereto will apply to any term or condition of this Settlement Agreement.

    e.    **Choice of Law**. This Settlement Agreement shall be construed, enforced, and administered in accordance with the state laws of Georgia.

Date: _____    Signature: _____
                                              DANNY HAWK

Date: _____    Signature: _____
                                              DONALD PARKS

Date: _____    Signature: _____
                                              EUGENE ARNOLD

Date: 9/7/16    Signature: *[signed]*
                                              J.R.K. TRUCKING, INC.

Date: 9/7/16    Signature: *[signed]*
                                             NIZAM KHAN